STATE *ex relatione* EDWIN METCALF, Attorney General, *vs.* ALBERT L. ANDREWS *et als.*

The number of town councilmen to be chosen, which by Pub. Stat. R. I. cap. 37, § 6, must be determined before the election begins, may be fixed by common consent or acquiescence, as well as by formal vote.

QUO WARRANTO. Heard on an agreed statement of facts.

*October* 14, 1886. PER CURIAM. The object of this proceeding is to test the title of the respondents to the offices of town councilmen of the town of North Providence, which they now hold. The contention is that they are not entitled to hold these offices because they were not legally elected to them. The statute, Pub. Stat. R. I. cap. 37, provides, in § 1, that the electors in each town shall annually, on their town election days, elect a town council, to consist of not less than three nor more than seven members; and further provides, in § 6, that before the election of members of the town council is begun, at the annual town meeting, the electors shall determine the number of such officers to be elected. The information in this case sets forth that, at the last annual election of town officers in North Providence, the electors did not determine the number of the town council to be elected before proceeding to the election. The claim is that, by reason of the omission so to do, the election was illegal and void.

The answer shows that, though the number was not determined by any formal vote, yet as long ago as 1874, at the first town meeting after the division of the town, the number was fixed at five for the year ensuing, and that that number has remained unchanged, although the number has not been fixed by formal vote except in 1875 and 1878; that in 1882 a motion was made that the town council consist of three members instead of five, and was lost by a large majority, and no other vote fixing the number was taken; that at each election since 1874, nominations have been made for five members, and no more, and that the election, which is here claimed to be illegal, proceeded in the same manner. The defendants contend that, this being so, the number was determined by common acquiescence or consent.

We think the point is well taken. There is nothing in the

statute which prescribes that the number should be determined by formal vote, and, though a formal vote is a more regular way of determining the number, we are of the opinion that, where the electors proceed upon the assumption that the number has been determined by common consent, no one calling for a vote, such determination is sufficient.                    *Information dismissed.*

James C. Collins, for relator.

Walter H. Barney, for respondents.